Filed 1/13/25  P. v. Murphy CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALFRED EARL MURPHY,<br><br>    Defendant and Appellant. | D082908<br><br><br>(Super. Ct. No. SCE359335) |

APPEAL from an order of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistance Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Seth M. Friedman and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

In 2017, a jury convicted Alfred Earl Murphy and two codefendants of first degree murder.  Since then, California passed Senate Bill No. 775 (2021-2022 Reg. Sess.), which provides that defendants who had been convicted of murder may be eligible for resentencing relief, if the conviction was based on

a now discredited theory of imputed malice. Murphy petitioned for such relief, and the trial court denied his petition at the prima facie stage, without conducting an evidentiary hearing.

On appeal, Murphy contends that the trial court erred when it denied his petition because the record of conviction did not establish his ineligibility for relief. We disagree. Accordingly, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In an information, Murphy and codefendants Danielle Dumont and Nicoy Smith were charged with the murder of Prince Brown. The information alleged that Murphy intentionally and personally discharged a firearm, causing great bodily injury and death "to a person" within the meaning of Penal Code section 12022.53, subdivision (d).[1] The information further alleged that each of Murphy's codefendants, "although not personally armed with a firearm, was himself a principal in the commission and attempted commission of the above offense and was vicariously liable" within the meaning of section 12022, subdivision (a)(1).

The court instructed the jury both as to murder ("the defendant committed an act that caused the death of another person") and as to felony murder. The felony murder instructions included CALCRIM No. 540A

---

[1] All unspecified statutory references are to the Penal Code.

("defendant allegedly committed fatal act")[2] and CALCRIM No. 540B ("coparticipant allegedly committed fatal act").

In closing argument, the prosecutor stated that "Mr. Murphy is the murderer. He's the one that shot Prince Brown." He further stated that the codefendants, Dumont and Smith, were "not the ones that killed Prince Brown." He explained to the jury that the instruction "for Mr. Murphy is 540A, the one that applies to Ms. Dumont and Mr. Smith is 540B."

The jury convicted Murphy and his codefendants of first degree murder. As to Murphy, it found true the allegation under section 12022.53, subdivision (d). As to Smith and Dumont, the jury found true the allegations under section 12022, subdivision (a)(1).

On February 6, 2023, Murphy filed a petition for resentencing under former section 1170.95 (now section 1172.6). The court appointed counsel to represent Murphy.

The People filed an initial response, contending that Murphy was prosecuted as the actual killer because the information alleged that he personally and intentionally discharged a firearm, but did not make the same allegation as to his codefendants. The response attached the complaint, the information, the clerk's minutes of the jury verdict and the sentencing and resentencing after direct appeal, the verdict form, the abstracts of judgment, and the decision of this court on direct appeal. Murphy's reply brief argued

---

[2]   The CALCRIM No. 540A instruction stated in relevant part, "To prove that a defendant is guilty of first degree murder under [a theory of felony murder], the People must prove that: [¶] 1. The defendant committed Robbery; [¶] 2. The defendant intended to commit Robbery; [¶] AND [¶] (3) While committing Robbery the defendant caused the death of another person. [¶] A person may be guilty of felony murder even if the killing was unintentional, accidental or negligent."

3

that neither the jury verdict nor the jury's true finding on the enhancement established his ineligibility for relief.

After hearing arguments from counsel, the court denied the petition, concluding that Murphy had not made a prima facie showing and was not eligible for relief as a matter of law. The court stated:

> "The verdict established that [Murphy] personally used a weapon during the murder and intentionally killed the victim during the robbery. Thus, he was the actual killer. He had the intent to kill. [¶] The guilty verdicts were not based on the petitioner being liable because malice was imputed to him due to his participation in this crime. His liability for the murder could only be the result of the petitioner personally and intentionally killing the victim based on the [section 12022].53] allegation finding."

Murphy filed a timely notice of appeal.

## II. DISCUSSION

On appeal, Murphy argues that the trial court erred in concluding that the jury's verdict and the true finding on the firearm enhancement allegation established that he was the actual killer or that he intended to kill.

### A. Standard of Review

Section 1172.6, subdivision (a) provides a procedure by which a convicted person may seek resentencing under the new law. After the offender files the appropriate petition, the court must appoint counsel to represent the offender, and the matter is set for hearing to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*People v. Lewis* (2021) 11 Cal.5th 952 at pp. 961–963, 967 (*Lewis*).)

When a trial court reviews a petition for resentencing under section 1172.6, it must first ensure that the appellant has established a prima facie case for relief under the statute. A denial at the prima facie stage is only

4

appropriate if the record of conviction[3] establishes that the petitioner is ineligible for relief as a matter of law. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101 (*Ervin*).) In making an evaluation, the court may only review the record of conviction—the court may not engage in factfinding at the prima facie stage. (*Lewis, supra*, 11 Cal.5th at p. 955.)

A court's decision to deny a resentencing petition at the prima facie stage is purely a legal conclusion, which an appellate court reviews de novo. (*Ervin, supra,* 72 Cal.App.5th at p. 101). If the denial of Murphy's petition was legally correct, we affirm it regardless of the trial court's reasoning. (*People v. Camacho* (2022) 14 Cal.5th 77, 123–124.)

### B. The First Degree Murder Conviction Conclusively Establishes that Murphy is Ineligible for Resentencing Relief as a Matter of Law

Under section 189, subdivision (e), as it has now been amended, to be guilty of first degree murder, the prosecution must prove one of three possible scenarios:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

---

[3] "Record of conviction" does not include everything contained within the record below. Generally speaking, the record of conviction includes the charging documents; the plea form or verdict forms; and the instructions that were given to the jury. (See, e.g., *People v. Williams* (2022) 86 Cal.App.5th 1244, 1247, fn.3.) It also includes closing arguments. (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170; *People v. Lopez* (2022) 78 Cal.App.5th 1, 13 (*Lopez*).)

The jury instructions given at Murphy's trial stated that Murphy was being prosecuted for murder under either of two theories, namely malice aforethought or felony murder, and the jurors were told that the members of the jury did not need to agree on the same theory. The instructions further explained that for first degree murder, it must find that the defendant acted with premeditation in that the defendant "decided to kill before completing the act that caused death". Thus, it may be said that the jury instructions allowed the jury to have convicted Murphy of first degree murder on the first possible theory set forth in section 189, subdivision (e), i.e., that he was the actual killer.

Alternatively, the jury could have convicted Murphy of first degree murder under a felony murder theory. CALCRIM 540A provided that to be guilty under this theory, the jury must find that the defendant intentionally committed robbery and while committing the robbery, the defendant *caused the death* of another person, even if the killing was unintentional. The prosecutor made clear in closing argument that it was this instruction that applied to Murphy.

The question then becomes whether a finding that Murphy "caused the death" of the victim equates to proof that Murphy was the "actual killer", as contemplated in section 189, subdivision (e)(1). We conclude that on the facts of this case, it does.

Appellant disagrees, relying on *Lopez, supra*, 78 Cal.App.5th at pp. 4–5. In *Lopez*, as here, the jury was instructed with two possible theories, malice murder and felony murder. There, as here, the jury was instructed that it could convict the defendant if he committed a robbery and while committing the robbery, he caused the death of another person. The court rejected the contention that "causing the death of another person" is synonymous with

6

being the actual killer, as required by section 189, subdivision (e)(1), holding that: "We conclude the term 'actual killer' as used in the revised felony-murder rule of section 189, subdivision (e)(1) refers to someone who personally killed the victim and is not necessarily the same as a person who 'caused' the victim's death."

However, as explained in *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1246, in *Lopez*, the jury was instructed with a definition that " '[a]n act causes death if the death is the direct, natural, and probably consequence of the act,' " which created a possibility that "the jury could have believed a second assailant was in the apartment but concluded the defendant was actively involved only in the robbery, which justified convicting him of felony murder without any need to find he was the actual killer." (*Ibid.*) In *Beaudreaux* as in this case, no such "proximate cause" instruction was given. In the absence of such an instruction, the "plain meaning" of the term "caused the death" meant nothing more than that the defendant shot the victim to death. (*Ibid.*)

So too here. By finding that Murphy caused the death of Brown under CALCRIM No. 540A, in the absence of any "proximate cause" instruction that may have muddied the waters, the plain meaning of the finding establishes that Murphy was Brown's actual killer. This conclusion is buttressed by the jury's true finding that Murphy personally discharged a firearm, causing great bodily injury and death within the meaning of Penal Code section 12022.53, subdivision (d), particularly when combined with the true finding that his codefendants were not personally armed with a firearm but were vicariously liable, within the meaning of section 12022, subdivision (a)(1).

Because the first degree murder conviction establishes Murphy's ineligibility for sentencing relief as a matter of law, we do not reach

appellant's further argument as to the significance of the jury's true finding on the enhancement.

For the reasons discussed above, the record of conviction conclusively establishes Murphy's ineligibility for relief.

### III.  Disposition

The order denying Murphy's petition for resentencing under section 1172.6 is affirmed.

KELETY, J.

WE CONCUR:

HUFFMAN, Acting P. J.

BUCHANAN, J.